UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA STANFILL,

    Plaintiff,

v.                                        Case No. 1:17-cv-831
                                            Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB).[1]

Plaintiff alleged a disability onset date of March 25, 2014. PageID.174. Plaintiff identified her disabling conditions as stress, anxiety, lower back pain, and shoulder pain. PageID.178. Prior to applying for DIB, plaintiff completed the 9th grade, and had past employment as a dishwasher, prep cook, store laborer, and assembler. PageID.42, 179. An Administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 28, 2016. PageID.33-44. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] The Court notes that at times plaintiff cites the regulations applicable to a Supplemental Security Income (SSI) claim (e.g., 20 C.F.R. § 416.927) rather than a DIB claim. However, the Court has reviewed the decision under the appropriate regulations.

1

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 25, 2014, and meets the insured status requirements of the Social Security Act through December 31, 2019. PageID.35.

At the second step, the ALJ found that plaintiff had severe impairments of: degenerative disc disease of the lumbosacral spine; mild degenerative disc disease of the cervical spine; anxiety disorder; major depressive disorder; personality disorder (NOS); and severe right shoulder degenerative joint disease. PageID.35. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.36.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work as defined in 20 CFR 404.1567(b) that she is able to lift and or carry 20 pounds occasionally and up to 10 pounds frequently. She can sit for up to 6 hours total and stand and or walk for up to 4 hours total in an 8-hour workday. She can occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds, frequently balance, and occasionally stoop, kneel, crouch and crawl. She can occasionally reach overhead with the right upper extremity. She is limited to doing simple, routine work that involves making simple work-related decisions and tolerating occasional workplace changes. She can have occasional contact with the general public, coworkers and supervisors.

PageID.38. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.42.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.43-44. Specifically, the ALJ found that plaintiff could perform unskilled, light work in the national economy such as assembler of small products (68,000 jobs), garment sorter (60,000 jobs), and folder (58,000 jobs). PageID.43-44. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from March 25, 2014 (the alleged onset date) through June 28, 2016 (the date of the decision). PageID.44.

### III. DISCUSSION

Plaintiff set forth two issues (with sub-issues):

**A. The ALJ failed to give proper weight to the findings and opinion of plaintiff's treating psychiatrist, as required by 20 C.F.R. §416.927(c) [sic].**

**1. Substantial evidence does not support the ALJ's finding that Dr. Martinek's opinion was only entitled to "limited" weight.**

**2. The ALJ failed to properly consider the factors required by 20 C.F.R. 404.1527(c), when he declined to give Dr. Martinek's opinion controlling weight.**

While plaintiff's statement of error refers to the opinion of a treating psychiatrist, her brief addresses the opinion of her primary care physician, Jonathan Martinek, M.D. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. §404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

5

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. §404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

After reviewing plaintiff's medical record in detail, PageID.38-41, the ALJ addressed Dr. Martinek's opinion in pertinent part as follows:

> [I]n April 2016 Dr. Martinek, found the claimant could perform less than sedentary work; would need to lie down or elevate her legs every 2 to 4 hours; with postural, manipulative and environmental limitations and would miss more than four days per month (Exhibit 17F). Pursuant to SSR 96-02p, a treating source's opinion may be entitled to controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record. In deciding whether or not to adopt the treating source's opinion in this situation, the following factors are to be considered along with any other appropriate factors: the examining relationship, the treatment relationship in terms of its frequency and duration, supportability, consistency, and specialization. Particular attention is to be given to the consistency of the opinion with other evidence, the qualifications of the source, and the degree to which the source offers supporting explanations for the opinion (20 CFR 404.1527(d) &(f) and Social Security Ruling 96-2p).
>
> The opinion of Dr. Martinek is given little weight. His opinion is not consistent or supported by the medical evidence of record. Dr. Martinek's treatment records and records from the pain clinic showed the claimant had 70 percent improvement in her pain symptoms and improvement in her quality of life and ability to function with her treatment regimen of injections and medications (Exhibits 11F/3-6; 16F/21-46). Moreover, his findings are inconsistent with the diagnostic studies that showed mostly mild findings (Exhibits 3F/6; 8F/6; 11F/11; 12F/2-3, 16). Moreover, the claimant did not require surgical intervention and does

6

not require the use of an assistive device for ambulation (Exhibits 8F/6; 11F/3-6; 15F/2, 4-6, 8, 10; 16F/9-19, 21-46).

PageID.41-42. Based on this record, the ALJ gave good reasons for the weight assigned to Dr. Martinek's opinion. Accordingly, plaintiff's claim of error will be denied.

> **3. The ALJ failed to follow the applicable law when he gave more weight to the opinion of non-examining DDS consultant Larry Jackson, M.D., than to the opinions of Dr. Martinek, plaintiff's treating physician.**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because he gave "greater weight" to the opinion of Dr. Jackson, a state agency medical consultant who reviewed plaintiff's medical file on December 11, 2014. PageID.709. Dr. Jackson found that plaintiff could perform a limited range of light work. PageID.41, 83-94. However, the ALJ found "the claimant more limited than the medical consultant" and only gave some weight to this assessment. PageID.41. Plaintiff's cursory argument neither cites any authority nor demonstrates any error by the ALJ. Plaintiff speculates that Dr. Jackson "apparently did not review" a June 14, 2013 MRI and states that the doctor did not review any evidence after November 2014 (which would be consistent with the fact that the doctor issues his opinion in December 2014). Finally, while the ALJ gave some weight to Dr. Jackson's opinion, he reviewed plaintiff's medical records through 2016. Accordingly, plaintiff's claim of error will be denied.

> **4. Had the ALJ given proper weight to Dr. Martinek's opinion and properly considered the record as a whole, he would have found Ms. Stanfill disabled pursuant to the vocational expert (VE) testimony.**

Plaintiff contends that if the ALJ had adopted Dr. Martinek's opinion (i.e., that she would miss more than four days of work per month), then she would be disabled based on the VE's testimony "that if Ms. Stanfill missed two or more days of work each month or if she was off-task 10% or more of the time, that would be work preclusive. (PageID.79-80)." *See* PageID.711. It is

7

unnecessary to address the VE's testimony regarding this matter because the ALJ's residual functional capacity (RFC) determination did not adopt Dr. Martinek's restriction that plaintiff would miss more than four days a month.

> **B. The ALJ's RFC findings are otherwise not supported by substantial evidence under 20 C.F.R. § 416.920 [sic] and SSR 98-6p:**
>
> **1. The ALJ failed to properly consider all plaintiff's well-documented impairments; and**
>
> **2. Substantial evidence does not support a finding that Ms. Stanfill could maintain attendance, concentration, persistence or pace or interact with co-workers appropriately.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). Plaintiff contends that the ALJ's RFC was flawed because (1) limiting plaintiff to "occasional" use of her shoulder would require using her right arm repetitively overhead for up to 1/3 of the work day, while the medical records show that she could not sustain the use of her right arm/shoulder for that period of time; (2) the ALJ's credibility determination was not supported by the record; and, (3) the RFC did not address "her agoraphobia or her inability to leave home at times." Plaintiff's Brief at PageID.710-711.

With respect to the limitations to use of the right arm/shoulder, plaintiff cites Dr. Martinek's findings that repetitive use of plaintiff's shoulder caused significant pain and that the doctor had taken her off work multiple times due to shoulder pain prior to the time she stopped working. PageID.710. Defendant points out that Dr. Martinek's notes from March 2014 related to plaintiff's previous employment at a factory job which required her to be on her feet "all day"

8

performing repetitive movement including spray painting that required her to raise her arm above shoulder level for "extended periods of time" as well as "fairly heavy lifting." PageID.342, 344. The ALJ noted that plaintiff reported a history of right shoulder pain after she sustained an injury at work. PageID.39. This is consistent with the ALJ's finding that plaintiff could not perform this past relevant work, which involved repetitive movement. Rather, the ALJ limited plaintiff to work which required her to only "occasionally reach overhead with the right upper extremity." PageID.38.

The gist of plaintiff's credibility argument is that the ALJ never identified any daily activities plaintiff performed that were contrary to her alleged pain level and diagnoses. PageID.710. Plaintiff cites no authority in support of her argument. An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high that the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by

substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

The ALJ evaluated plaintiff's credibility in pertinent part as follows:

The claimant alleges disability resulting from impairments including stress, anxiety, lower back pain and shoulder pain (Exhibit 2E/2). In the Function Report, the claimant reported repetitive movements caused pain and discomfort, which made it hard to perform her job. She indicated anxiety and panic attacks interfered with her work as she occasionally missed work or took unexcused breaks, as it was difficult to focus on her work (Exhibit 4E/2). The claimant testified she could lift a gallon of milk; she could stand, walk and sit for about 30 minutes each. She stated she lies down most of the day and would nap for two hours daily.

\* \* \*

In assessing the claimant's consistency with the record, the totality of the evidence tells the undersigned that the claimant's pain complaints exceed the available objective records. While the claimant has some pain, longitudinally, the record reflects that lidocaine injections and pain medication management were generally successful in providing some pain symptom relief (Exhibits 11F/3-6; 15F/2, 4-6, 8, 10; 16F/9-19, 21-46). Moreover, the claimant did not require surgical intervention and does not require the use of an assistive device for ambulation (Exhibits 8F/6; 11F/3-6; 15F/2, 4-6, 8, 10; 16F/9-19, 21-46).

While she alleged she needs to lie down most of the day and nap daily, the undersigned notes that no evidence from any treating or examining physician established that the claimant has a medically required need to lie down frequently during the day or take naps daily (Exhibit 1 F-17F). As such, the undersigned finds the above factors are not consistent with the claimant's subjective pain and functional limitation reports.

Likewise, the evidence shows non-specialized mental health treatment from her primary care provider and some outpatient counseling from a social worker (Exhibit 4F/9; 7F/5, 9, 13, 17, 21; 10F/2; 13F; 14F). Despite her allegations of uncontrolled mental symptoms, longitudinally, the evidence shows relatively normal mental status exams, a conservative treatment pattern with medications in typical doses, no treatment with a specialist, minimal counseling and no inpatient psychiatric hospitalizations (Exhibit 4F/9; 7F/5, 9, 13, 17, 21; 10F/2; 13F; 14F; 15F-4-6). As such, the evidence as noted above is less supportive of the claimant's subjective allegations of disabling mental functioning limitations.

PageID.40-41. Based upon a review of the record, the Court concludes that the ALJ's credibility determination is supported by substantial evidence. There is no compelling reason to disturb the ALJ's credibility determination.

Finally, the ALJ addressed plaintiff's mental impairments in some detail. PageID.37-38, 40. The ALJ found that plaintiff's mental impairments consisted of diagnoses for anxiety disorder, major depressive disorder, and personality disorder, and that

> Longitudinally, the evidence showed largely normal mental status examinations, symptom stability, a conservative treatment pattern, minimal outpatient counseling and no treatment with a specialist (Exhibit 7F/9, 13, 17, 21; 10F/2; 13F; 14F; 15F/4-6).

PageID.40. As discussed, the ALJ also found that plaintiff's alleged disabling impairments were not credible to the extent alleged. Plaintiff's argument appears to be an invitation for this Court to re-weigh the evidence with respect to the severity of her mental impairments. This is beyond the scope of this review. *See Brainard*, 889 F.2d at 681 (the court does not review the evidence de novo, make credibility determinations or weigh the evidence). For these reasons, plaintiff's claims of error will be denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: September 24, 2018         /s/ Ray Kent
                                  United States Magistrate Judge